**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY JEAN HOLT, derivatively on behalf of VALUECLICK, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID S. BUZBY; JAMES A. CROUTHAMEL; JOHN GIULIANI; MARTIN HART; JAMES R. PETERS; JEFFREY F. RAYPORT; BRIAN A. SMITH; JAMES ZARLEY, <br><br> Defendants. | Case No. 2:13-cv-09024-ODW(SHx)-** |
| DENNIS PALKON, derivatively on behalf of VALUECLICK, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN GIULIANI; JOHN P. PITSTICK; PETER WOLFERT; JAMES R. ZARLEY; MARTIN T. HART; JAMES A. CROUTHAMEL; JEFFREY F. RAYPORT; JAMES R. PETERS; DAVID S. BUZBY; VALUECLICK, INC., <br><br> Defendants. | Case No. 2:13-cv-09148-ODW(SHx) <br><br> **ORDER COORDINATING CASES** |

This Order applies to, and shall be filed in, all of the cases listed below in Part III (the "*ValueClick* Cases"), which are derivative lawsuits filed on behalf of ValueClick, Inc. The Order will also to apply to any further ValueClick derivative

lawsuits arising out of the same set of facts as the current list of cases and heard before this Court.

## I. Relation and coordination of cases

The *ValueClick* Cases are deemed related within the meaning of General Order 08-05, section 5, and Local Rule 83-1.3 because they arise from the same events, will call for determination of the same and substantially similar questions of law or fact and will entail substantial duplication of labor if heard by different judges. *See* L.R. 83-1.3.1(a)–(c). The *ValueClick* Cases are, until further order, coordinated for case-management purposes under Federal Rule of Civil Procedure 42. The parties will submit one joint Rule 26(f) report and the Court will issue one scheduling order to govern these cases once all Defendants answer or otherwise respond.

This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

The low-number case, *Nancy Jean Holt v. David s. Buzby et al.*, CV 2:13-09024-ODW(SHx) (C.D. Cal. case filed Dec. 6, 2013), will serve as the master case file. All orders, pleadings, motions, and other documents will, when filed and docketed in the master-case file, be deemed filed and docketed in each individual related case to the extent applicable. Parties shall enter their appearances in the individual cases, and the Clerk is directed to add all parties and attorneys from the individual cases to the master-case file such that all counsel appearing in the individual cases will receive notifications for the master case file as well.

If orders, pleadings, motions, or other documents generally apply to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed **only in the master-case file**. Documents intended to apply only to a particular case will indicate in their caption the case

/ / /

number of the case(s) to which they apply and will **only be filed in the individual case**.

## II. Discovery

The Court will require efficient coordinated discovery practice. The parties shall confer and attempt to agree on limitations that reflect coordination. For example, on common issues, Plaintiffs' witnesses should not, in most instances, be separately deposed in every case. Rather, a combined multi-day deposition would be appropriate, scheduled for enough time to cover all Defendants' individual issues, with common issues handled in a coordinated and nonduplicative manner. The Court anticipates that, subject to confidentiality restrictions, all depositions of Plaintiffs' witnesses shall be cross-noticed for, and may be used in, every case. The parties are encouraged to cross-notice depositions of defense witnesses where appropriate. The parties should agree on a number of common discovery requests to be served on Plaintiffs, with a small number of additional requests for each Defendant. Likewise, the parties should explore whether it would be feasible to reduce the default number of discovery requests to be served on each Defendant.

Defendants are encouraged to coordinate their positions to the maximum extent possible and not present Plaintiffs or the Court with multiple proposals on scheduling and coordination of discovery unless there are truly insoluble conflicts among the defendants. Defendants are encouraged to work together to assist in the coordination of these actions and the presentation of a cohesive Defense position to the extent possible.

Any discovery disputes will be handled by the Magistrate Judge assigned to these cases according to the ordinary procedures under the Federal Rules of Civil Procedure and the Court's Local Rules.

/ / /

/ / /

/ / /

**II.     Service of this order**

The Court **ORDERS** Plaintiffs to immediately serve a copy of this order on all Defendants who have not yet filed appearances in the cases (and who therefore have not received a copy through the CM/ECF system).  If Plaintiffs add any new defendants in the *ValueClick* Cases, Plaintiffs shall serve a copy of this Order along with the summons and complaint.

**III.    List of *ValueClick* Cases**

The cases currently subject to this Order include, though will not be limited to, the following:

- *Nancy Jean Holt v. David S. Buzby et al.*, CV 2:13-09024-ODW(SHx) (C.D. Cal. Case filed Dec. 6, 2013); and
- *Dennis Palkon v. John Giuliani et al.*, CV 2:13-09148-ODW(SHx) (C.D. Cal. case filed Dec. 11, 2013).

**IT IS SO ORDERED.**

December 20, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**